# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:16-CV-443 JVB |
| SLURRY SYSTEMS INC., FRED C. SCHMEDNECHT, ELEANOR SCHMEDNECHT, BRYAN J. WESOLEK, and DANA A. WESOLEK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Fidelity & Deposit Company of Maryland ("Fidelity") initially sued all the defendants in this case for breach of an indemnity contract in the Northern District of Illinois. Defendant Bryan Wesolek ("Bryan") moved to dismiss the claims against him for lack of personal jurisdiction, which the Illinois district court granted. Fidelity then filed this action against Bryan only in the Northern District of Indiana. Subsequently, in January 2017, the Illinois district court transferred the Illinois case against Slurry Systems Inc. ("Slurry"), Fred and Eleanor Schmednecht and Dana Wesolek, to the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice, where it became Civil Action No. 2:17-CV-23. (*See* DE 72 in No. 2:17-CV-23.) When Fidelity's motion to consolidate was granted, the parties were directed to file all future documents under this case number 2:16-CV-443. This matter is now before the Court on the joint motion of Slurry and Dana Wesolek ("Dana") to dismiss this action against them for failure

to state a claim (DE 24). Defendants Eleanor and Fred Schmednecht were joined as co-movants in the motion to dismiss (DE 37). Defendants Slurry, Dana, and the Schmednechts are sometimes referred to as the "moving defendants."[1]

**A.     Background**

Fidelity is a Maryland corporation with its principal place of business in Schaumburg, Illinois, that is in the business of issuing payment and performance bonds for public works projects. Slurry is an Indiana corporation with its principal place of business in Gary. The Schmednechts and Dana are all citizens of Indiana, while Bryan is a citizen of Florida.

In 2006, Slurry contracted with the United States Army Corps of Engineers to build a slurry wall in Illinois for which Fidelity issued a performance and payment bond in accordance with the Miller Act, 28 U.S.C. § 3131, et seq., with Slurry as principal. Slurry, Bryan, Dana, and the Schmednechts each signed an indemnity agreement with Fidelity which included the following provision:

> SECOND: The Contractor [Slurry] and Indemnitors [the Wesoleks and Schmednechts] shall exonerate, indemnify, and keep indemnified the Surety [Fidelity] from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment

---

[1] The operative complaint against the moving defendants in this consolidated case is found at Docket Entry 67 in Civil Action No. 2:17-CV-23. However, unless otherwise specified, all docket entry references are to documents filed in Civil Action No. 2:16-CV-443.

therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be *prima facie* evidence of the fact and amount of the liability to the Surety.

(Agreement of Indemnity, Case No. 2:17-CV-23, DE 67-1 at 2.)

To perform the contract with the Army Corp of Engineers, Slurry contracted with Pileco Inc. as agent for Bauer Maschinen GmbH ("Bauer") to rent equipment for use on the project. In January 2009, Pileco told Slurry that Slurry owed more that $2 million under the rental agreement. Slurry denied any debt to Pileco and claimed that Pileco and Bauer had breached the agreement. In April 2009, Pileco made a claim of $2,904,756 against the Fidelity bond and in July of that year increased the demand to $3,462,259. In December 2009, Pileco sued Slurry and Fidelity in the Northern District of Illinois, Eastern Division, claiming breach of the rental agreement and the bond. In September 2013, after the second jury trial in the case, the court entered judgment for Pileco against Slurry for breach of contract and against Fidelity on Pileco's claim against the bond in the amount of $2,230,381, which was affirmed by the Seventh Circuit Court of Appeals in October 2015. In December 2015, Fidelity paid Pileco $2,685,550 in exchange for a release of Pileco's judgment on its claim against the Fidelity bond and an assignment to Fidelity of Pileco's breach of contract judgment against Slurry.

In April 2014, while the appeal of the Illinois judgment was pending, Fidelity demanded that Slurry, the Wesoleks, and the Schmednechts reimburse it for fees and costs Fidelity had

3

incurred in its defense of the Pileco lawsuit and that they post collateral in the amount of $3,290,893. The Defendants ignored the demand and on August 11, 2015, Fidelity filed the Illinois suit that was later transferred to this district.

B.  Discussion

(1)  *Overview of Arguments*

The moving defendants argue that Indiana's six-year statute of limitations for written contracts for the payment of money, Indiana Code § 34-11-2-9, applies to this action. According to them, Fidelity's cause of action accrued in April 2009 so that its suit in August 2015 is barred by the statute of limitations. They also maintain that because Fidelity acquired an assignment of Pileco's judgment against Slurry on the breach of contract claim when Fidelity paid Pileco to satisfy Pileco's judgment against the bond, and did not satisfy the judgment against Slurry, no right to indemnification arose. Further, they insist that Fidelity is judicially estopped from claiming it satisfied the judgment against Slurry and cannot now claim that it is entitled to indemnification.

In its response, Fidelity claims, alternatively, that the Illinois ten-year statute of limitations for written contract actions (735 ILCS 5/13-206) applies, or that Indiana's ten-year statute of limitations for written contract actions (Indiana Code § 34-11-2-11) applies, or that if the Indiana six-year limitation period for contracts for the payment of money (Indiana Code § 34-11-2-9) is applicable, material issues of fact regarding when Fidelity's claim accrued preclude deciding the issue on a motion to dismiss. Moreover, it asserts that judicial estoppel does not bar its claims because it can pursue multiple types of recovery under the indemnity

4

agreement and common law and has acted consistently and according to its rights.

**(2)** *Choice of Laws*

The Court's first task is to determine which state's laws apply to the various issues raised by the motion to dismiss. In federal court suits founded on diversity jurisdiction, the choice of law rules of the forum state govern. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). However, where, as here , the case as to the moving Defendants has been transferred for convenience under 28 U.S.C. § 1404(a), the transferee court must apply the state law that would have been applied if there had been no change of venue. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). A change of venue under § 1404(a), with respect to state law, should be merely a change of courtrooms. *Id.* Under this rule, Illinois, as the state in which the transferor court sits, is, in essence, the forum state and its choice of law rules must apply. *See also Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 383 (7th Cir. 2003). ("Although a court sitting in diversity normally applies the choice-of-law rules of the state in which it sits, when a case has been transferred from another district, the court instead applies the choice-of-law rules that the court in the transferring state would apply.")

Neither Fidelity nor the moving Defendants have addressed what state's law an Illinois state court would apply with respect to the statute of limitations issue, but the Court's own research leads it to the conclusion that an Illinois court would apply the appropriate Illinois statute of limitations. Because under Illinois choice of law rules, statutes of limitation are considered procedural in nature, Illinois's statute of limitations applies. *F.C.I.C. v. Wabick*, 335 F.3d 620, 627 (7th Cir. 2003); *see also Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.,*

5

*Inc.*, 770 N.E.2d 177, 194 (Ill. 2002). ("As to procedural matters, however, the law of the forum controls. Statutes of limitations are procedural. Accordingly, Illinois law governs the timeliness of plaintiff's claim . . .." (Citations omitted.))

With regard to the choice of laws on the issue of the effect of Fidelity's acquisition of Pileco's contract judgment against Slurry that has not been satisfied, neither Fidelity nor the moving Defendants claim that there is a conflict between Indiana and Illinois law. In fact, the moving Defendants cite only the Restatement (First) of Security, a treatise, and a Second Circuit Court of Appeals case to support their arguments. In such circumstances, a district court applies the law of the forum, which is the forum of the transferor court: Illinois. *See Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120. ("[A] federal court should apply the law of the forum state where the parties have not identified a conflict between two bodies of state law which might apply to their case.")

**(3)** *Action is Not Time-Barred*

The Illinois Supreme Court has made it clear that the proper statute to apply to an indemnity agreement such as the one before the Court is the ten-year statute of limitations for written contract actions found in 735 ILCS 5/13-206. *See Travelers Casualty and Ins. Co. v. Bowman*, 893 N.E. 2d 583, 588 (Ill. Sup. Ct. 2008). The moving Defendants argue that Fidelity's claims against them accrued in April 2009, when Pileco demanded payment from Fidelity. Accepting their argument as to the accrual date, Fidelity's suit against them, which was filed in August 2015, is well within the statute of limitations. Accordingly, their motion to dismiss on the ground that Fidelity's action against them is time barred is denied.

**(4)** *Fidelity's Acquisition of the Pileco Contract Judgment Against Slurry Does Not Preclude its Claims against the Moving Defendants under the Indemnity Agreement.*

An Illinois jury found that Fidelity owed Pileco more than $2 million under the terms of the bond it provided to secure Slurry's performance under the contract to build the slurry wall. The jury also found that Slurry owed Pileco a like amount for breach of contract. In this scenario, Fidelity is the surety, Slurry is the principal, and Pileco is the creditor. As the moving Defendants state in their brief, "the principal's duty to reimburse the surety [arises] . . . whenever the surety's payment . . . to the creditor has the effect of discharging or reducing the duty of the principal." (DE 24-1 at 7.) Fidelity paid Pileco to discharge its liability on the bond, thereby reducing the amount Pileco could collect from Slurry. It is too obvious to require citation of authority that Fidelity's payment to Pileco to satisfy the judgment on the bond reduced the amount Pileco could collect from Slurry on the breach of contract judgment against it, whether or not Pileco's judgment against Slurry was formally satisfied.

That Fidelity took an assignment of Pileco's breach of contract judgment against Slurry is of no import. The Court agrees with Fidelity that, so long as its total recovery against any combination of Slurry and the indemnitors under the indemnity agreement does not exceed the amount, if any, it is entitled to recover under the terms of that agreement, it matters not that Fidelity holds claims against Slurry both under the indemnity agreement and as assignee of the breach of contract judgment.

Moreover, judicial estoppel doesn't prevent Fidelity from pursuing claims against the moving Defendants on the indemnity agreement. There is nothing inconsistent about Fidelity holding an uncollected judgment against Slurry on a contract claim and pursuing Slurry and the

other moving Defendants under the indemnity agreement, just as there was nothing inconsistent about Pileco suing Fidelity on the bond and Slurry for breach of contract for the same damages.

**C.	Conclusion**

For the foregoing reasons, the motion of Slurry, Dana Wesolek, Fred Schmednecht, and Eleanor Schmednecht to dismiss this action as to them for failure to state a claim (DE 24) is DENIED.

SO ORDERED on February 1, 2018.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge